IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                              CASE NO. 5:10-CR-50110-2

AMADO CORREA-SANTOS                                          DEFENDANT

**OPINION AND ORDER**

Currently before the Court is Defendant Amado Correa-Santos's Motion for
Reconsideration of the Order Denying Motion to Reduce Sentence (Doc. 298). The Court
directed the Government to file a response and a copy of Correa-Santos's medical
records, and the Government did so. *See* Docs. 300 & 301. Correa-Santos then filed a
Reply (Doc. 302). Having reviewed all these filings, the Court **DENIES** the Motion (Doc.
298) for the reasons stated herein.

## I. BACKGROUND

Correa-Santos was indicted in a Second Superseding Indictment charging him with
intentionally and knowingly conspiring to distribute more than 50 grams of a mixture or
substance containing methamphetamine. He pleaded not guilty, and the Court conducted
a pre-trial conference and *voir dire* on April 12, 2011. The next day, Correa-Santos
appeared before the Court for arraignment and a change of plea hearing. Correa-Santos
waived indictment by a grand jury and pleaded guilty to an Information charging him with
conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a). The Court
calculated his total offense level as a 42 and his criminal history category as a III. This
corresponded to a guideline range of 360 months to life, but he was subject to a statutory

1

maximum of 240 months.  Accordingly, the Court sentenced Correa-Santos to 240 months in prison.  (Doc. 137, p. 2).

Since his sentencing, Correa-Santos has persistently sought post-conviction relief. Specifically, he previously requested relief based on 18 U.S.C. §§ 2255 and 3582(c)(2). On December 18, 2020, Correa-Santos again sought relief by filing a *pro se* motion for compassionate release (Doc. 293).  The Court denied his motion for compassionate release without prejudice due to his failure to exhaust administrative remedies.  (Doc. 296).  On February 19, 2021, Correa-Santos filed the present Motion requesting reconsideration of this recent denial.

## II.  LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i).  If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("U.S.S.G.") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  Application Note

1(A)(ii)(I) of U.S.S.G. § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated or adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Correa-Santos's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). Correa-Santos requested compassionate release from his warden on October 26, 2020, and December 7, 2020. On December 14, 2020, his warden denied his October 26, 2020, request for compassionate release (Doc. 301-1). Since more than 30 days have lapsed since he requested compassionate release, the Court finds that Correa-Santos has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

#### B. Section 3553(a) Factors

The Court acknowledges that Correa-Santos may be at an elevated risk of severe COVID-19 infection in light of his medical history of asthma. Even so, the Section 3553(a)

3

factors weigh against early release.  Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release.  The Court considers a number of such factors, including: "the nature and circumstances of the offense and the history and characteristics of the defendants;" and "the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, []to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[,] . . . and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]"  18 U.S.C. § 3553(a)(1), (2)(A)–(B), & (D).

In 2008, Correa-Santos was sentenced to five years in prison for possession of methamphetamine.  *See* Doc. 129, p. 10.  He spent around 6 days in jail and was deported to Mexico. *See id.*  Approximately 8 months later, on February 2, 2009, he was deported a second time. *See id.*  At some point thereafter, he entered the United States again and committed the instant offense. *See id.*  In this latest offense, the Court held Correa-Santos responsible for 2.25 kilograms of actual methamphetamine retrieved from a substance or mixture that was 99.9% pure.  *See id.,* at p. 5, 8.  This does not include the approximately one pound per month that the source of information bought from Correa-Santos starting in September of 2009; it is only what was retrieved during one traffic stop. *See id.*, at p. 5–6.

It is clear that Correa-Santos was a distributor of methamphetamine in the Northwest Arkansas region. *See id.*, at p. 4–8.  He sourced the methamphetamine from two individuals in Iowa who in turn smuggled it into the United States from Mexico. *See id.*, at pp. 4–6.  Not only was he a distributor, but Correa-Santos was the organizer or

4

leader of the organization and, for this, he received a 4-point enhancement in the offense level computations.  *See id.* at p. 9.  This occurred while he was under a criminal justice sentence, which increased his criminal history points.  *See id.*  He did not receive an adjustment for acceptance of responsibility because he refused to cooperate with the authorities.  *See id.*

As previously mentioned, the initial guideline range, based on his offense level and criminal history, was 360 months to life.  However, the Court sentenced Correa-Santos to the statutory maximum of 240 months, of which he has only served approximately 48% of his sentence, or 115 months.  Correa-Santos has already benefited from the existence of the statutory maximum.  In the Court's view, 115 months is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities.  Additionally, the Court's duty to avoid unwarranted sentencing disparities among similarly situated defendants weighs against a sentence reduction.  In sum, the Court continues to find that a sentence of 240 months is just and fair under the totality of the circumstances.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Amado Correa-Santos's Motion for Reconsideration (Doc. 298) is **DENIED**.

**IT IS SO ORDERED** on this 23rd day of August, 2021.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE